SAMUEL WELLS *et al. against* JOSEPH TRYON *et al.*   Nov. 1806.

THIS was an action of ejectment. The defendants pleaded, severally, *no wrong or disseisin;* and issue was closed to the jury.

A copy of a certificate of survey, signed *A. B. Surveyor,* and *C. D.* and *E. F. Committee,* and certified to be a true copy by *G. H. Register,* is not admissible in evidence, in an action of ejectment, to prove the plaintiff's title.

*Brace*, for the plaintiffs, to prove their title, offered in evidence a writing, purporting to be a copy of a certificate of survey, signed " *Thomas Wells, Surveyor,*" and " *Thomas Hollister* and *Jonathan Hale, Committee.*" It was certified to be a true copy of record by " *Josiah Hale, Register.*"

*E. Perkins* and *Z. H. Smith*, for the defendants, objected to the admission of this paper in evidence to the jury. The statute of 1723(*a*) authorized the proprietors of common or undivided lands to hold meetings, to choose their clerk, and to keep records. But the paper offered does not appear to be a copy of any *record* of the proprietors, nor to be certified by their clerk.

The counsel for the plaintiffs remarked, in reply, that there is *now* no such body of men as the " proprietors of common and undivided lands." They may have transferred their rights to the towns; and if so, the town registrar is the proper officer to certify the copy.

BY THE COURT. The certificate offered is a proper subject of the proprietors. The town could not make the survey. But it does not appear by whom the survey was made, or recorded; or by a registrar of what body the copy was certified. It is not proper to send a paper to the jury under so much uncertainty. It is, therefore, inadmissible.

(*a*) Entitled " *An act for the better establishing and confirmation of the titles of land anciently obtained in townships, according to the manner or custom heretofore used; and for preventing contentions about the same.*" Tit. 97. c. 10.